## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

TERESA BRIGANCE

     Plaintiff,

v.

THE VAIL CORPORATION,
D/B/A VAIL RESORTS MANAGEMENT COMPANY,

     Defendant.

---

## COMPLAINT AND JURY DEMAND

---

COMES NOW, Plaintiff, Teresa Brigance, (hereinafter referred to as "Plaintiff"), by and through her attorneys, Joseph D. Bloch and Trenton J. Ongert of Bloch & Chapleau, LLC., and hereby file this Complaint and Jury Demand against Defendant, The Vail Corporation D/B/A Vail Resorts Management Company, (hereinafter referred to as "Defendant"), and in support thereof now state as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, Teresa Brigance, is an individual, resident and domiciliary of the County of Brevard, State of Florida.

2.     Defendant, The Vail Corporation, is a Corporation, incorporated in State of Colorado, with its principle office located in the County of Broomfield, State of Colorado.

3.     The U.S. District Court for the District of Colorado has jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

4.     The U.S. District Court for the District of Colorado is the proper venue pursuant to 28 U.S.C. § 1391 because it is the judicial district in which the events giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

5.      This is an action to recover damages suffered by Plaintiff as a result of a chair lift incident caused by Defendant that occurred in Summit County, Colorado on March 23, 2015, at the Keystone ski area.

6.      On March 23, 2015, Plaintiff Teresa Brigance was participating in a ski lesson at the Keystone ski area taught by Megan McKinney, an employee and agent of Defendant.

7.      During the ski lesson, Ms. McKinney instructed Plaintiff Teresa Brigance on boarding and unloading procedures of the chair lift.

8.      Plaintiff Teresa Brigance was injured while unloading from the chair lift as a result of Defendant's and/or Ms. McKinney's acts and omissions.

9.      Defendant owns and operates the chair lift at Keystone ski area where Plaintiff Teresa Brigance was injured on March 23, 2015.

10.     At the time of the March 23, 2015 incident, Megan McKinney was an employee and agent of Defendant, and was acting within the scope of her employment at all times relevant to the incident and this lawsuit.

11.     As a direct and proximate result of Defendant's acts and omissions, Plaintiff suffered and continues to suffer injuries, damages, and losses.

12.     All of Plaintiff' damages are in the past, present, and future, whether so specifically delineated in each paragraph or not.

## FIRST CLAIM FOR RELIEF
### Negligence

13.     Plaintiff incorporates by reference the allegations stated above as though restated and re-alleged herein.

14.     Defendant had a duty to exercise the highest degree of care commensurate with the practical operation and maintenance of the ski lift.

15.     Defendant breached its duty of care by failing to maintain a proper distance between the chair and the ground at the unloading point, and/or by failing to properly operate and/or maintain the chair lift, which caused Plaintiff Teresa Brigance injuries, damages, and losses.

16.     Defendant's breach of this duty to exercise the highest degree of care commensurate with the practical operation of the ski lift was the immediate and proximate cause of Plaintiff's injuries, damages, and losses.

## SECOND CLAIM FOR RELIEF
### Negligence *Per Se*

17.     Plaintiff incorporates by reference the allegations stated above as though restated and re-alleged herein.

18.     Defendant had a duty to operate the ski lift in accordance with the highest standard of care. This duty is codified under the Passenger Tramway Safety Procedures, C.R.S. § 25-5-706(2)(d)-(e), which states in pertinent part:

> (d) Willful or wanton misconduct in the operation or maintenance of a passenger tramway;

> (e) Operation of a passenger tramway while a condition exists in the design, construction, operation, or maintenance of the passenger tramway which endangers the public health, safety, or welfare, which condition was known, or reasonably should have been known, by the area operator;

19.     Further, the Colorado General Assembly enacted the Skier Safety Act (C.R.S. § 33-44-102 et. seq.) to "… establish reasonable safety standards for the operation of ski areas and for the skiers using them."

20.     Defendant owns and operates the chair lift involved in the March 23, 2015 incident, and Plaintiff Teresa Brigance is a member of the class of persons the Colorado legislature sought to protect when it enacted C.R.S. § 25-5-706(2). Therefore, Plaintiff Teresa Brigance is a person to whom Defendant owed the highest duty of care set forth in C.R.S. § 25-5-706(2) d-e.

21.     Defendant breached its duty of care and violated C.R.S. § 25-5-706(2) by operating a passenger tramway while a condition existed which endangered the public health, safety and welfare, which condition was known, or reasonably should have been known, by the area operator.

22.     A violation of C.R.S. § 25-5-706(2) constitutes negligence *per se*.

23.     Defendant's violation of C.R.S. § 25-5-706(2) was the direct and proximate cause of Plaintiff' injuries, damages, and losses. Plaintiff suffered and continue to suffer past, present, and future injuries and damages as a result of Defendant's negligence.

3

## THIRD CLAIM FOR RELIEF
### Negligent Supervision/Training

24.     Plaintiff incorporates by reference the allegations stated above as though restated and re-alleged herein.

25.     Megan McKinney was an employee and agent of Defendant at all times pertinent to the March 23, 2015 incident. Upon information and belief Megan McKinney had been recently hired by Defendant as a ski instructor before the incident.

26.     John Doe chair lift operator was an employee and agent of Defendant at all times pertinent to the March 23, 2015 incident.

27.     Defendant negligently supervised Megan McKinney and permitted Megan McKinney to provide ski lessons with incorrect and/or incomplete instruction regarding the loading and unloading of the chair lift.

28.     Defendant negligently supervised John Doe chair lift operator in his operation of the ski lift on and before the March 23, 2015.

29.     Defendant had control of the chair lift at the time of the March 23, 2015 incident.

30.     Defendant did not properly train and/or supervise Megan McKinney and/or John Doe chair lift operator, which caused Plaintiff Teresa Brigance's injuries, damages, and losses in the March 23, 2015 incident.

31.     Defendant's negligent supervision and/or training of Megan McKinney and John Doe were the direct and proximate cause of Plaintiff's injuries, damages, and losses.

## FOURTH CLAIM FOR RELIEF
### Negligence (Respondeat Superior)

32.     Plaintiff incorporates by reference the allegations stated above as though restated and re-alleged herein.

33.     Megan McKinney and John Doe were employees of Defendant on March 23, 2013.

34.     Megan McKinney and John Doe were acting within the scope of their employment and authority at the time of the March 23, 2015 incident.

35.    The acts and omissions of Megan McKinney and John Doe are the acts and omissions of Defendant.

36.    Defendant's negligent conduct was the proximate cause of Plaintiff Teresa Brigance's injuries, damages, and losses.

37.    Plaintiff suffered and continues to suffer past, present, and future injuries, damages, and losses as a result of Defendant's conduct, including, but not limited to, pain, suffering, discomfort, loss of enjoyment, mental anguish, medical expenses, and wage loss.

## FIFTH CLAIM FOR RELIEF
### Negligent Hiring

38.    Plaintiff incorporates by reference the allegations stated above as though restated and re-alleged herein.

39.    Megan McKinney and John Doe were employees of Defendant The Vail Corporation on March 23, 2015.

40.    At the time Defendant hired Megan McKinney and John Doe, Defendant knew, or had reason to know, that Megan McKinney and John Doe would create an undue risk of harm to the individuals with whom they would likely have contact with in performing their customary job duties.

41.    Defendant's negligent hiring of Megan McKinney and/or John Doe was the direct and proximate cause of Plaintiff' injuries, damages, and losses.

## SEVENTH CLAIM FOR RELIEF
### Premises Liability C.R.S. § 13-21-115

46.    Plaintiff incorporates by reference the allegations stated above as though restated and re-alleged herein.

47.    Defendant is a landowner of the property where Plaintiff Teresa Brigance's injuries occurred pursuant to C.R.S. § 13-21-115(1).

48.    At all relevant times, Plaintiff Teresa Brigance was an "invitee" pursuant to C.R.S. § 13-21-115(3)(c).

49.    For the reasons stated herein, Defendant failed to exercise reasonable care to protect Teresa Brigance against dangers of which Defendant knew or should have known.

50.    Defendant's failure to exercise reasonable care was the direct and proximate

5

cause of Plaintiff's injuries, damages, and losses.   Plaintiff Teresa Brigance suffered and continues to suffer past, present, and future injuries and damages as a result of Defendant's conduct, including, but not limited to, severe pain, loss, suffering, disfigurement, discomfort, loss of enjoyment, psychological trauma, mental anguish, medical expenses, and wage loss.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment in favor of Plaintiff and against Defendant in an amount that would fully compensate her for all of her economic and non-economic losses, including but not limited to, pain, suffering, discomfort, impairment, disfigurement, loss of enjoyment of life, mental distress, past and future medical expenses, past and future lost wages, loss of consortium, and other incidental and consequential expenses.  Plaintiff also requests pre- and post-judgment interest, costs, and such other and further relief as the Court deems appropriate. All damages requested are for past, present, and future damages.  PLAINTIFF PRESERVES THE RIGHT TO REQUEST EXEMPLARY DAMAGES PURSUANT TO C.R.S § 13-21-203.

### **JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted this 30th day of June, 2015.

BLOCH & CHAPLEAU, LLC.

*/s/ Trenton J. Ongert*

Joseph D. Bloch, #16783
Trenton J. Ongert, #36602
Attorneys for Plaintiff
1725 Gaylord Street
Denver, CO 80206
Ph:  (303) 331-1700
Fax: (303) 355-0252
jbloch@blochchapleau.com
tongert@blochchapleau.com

Plaintiff' Address:
7125 S. Tropical Trail,
Merritt Island, FL 32952

6