IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-1394-WJM-NYW

TERESA BRIGANCE,

    Plaintiff,

v.

VAIL SUMMIT RESORTS, INC.,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS AMENDED COMPLAINT**

---

Plaintiff Teresa Brigance ("Plaintiff") brings this action against Defendant Vail Summit Resorts, Inc. ("Defendant"). This matter is before the Court on Defendant's Motion to Dismiss Amended Complaint ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 17.) Defendant filed the Motion on August 28, 2015. (*Id*.) On September 25, 2015, Plaintiff filed her Response to the Motion. (ECF No. 27.) Defendant filed its Reply on October 13, 2015. (ECF No. 31.) For the reasons set forth below, the Motion is granted in part and denied in part.

## I. STANDARD OF REVIEW

Under Rule 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the

dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id*. (quoting *Twombly*, 550 U.S. at 556).

## II. BACKGROUND

The following allegations are taken from Plaintiff's Amended Complaint ("Complaint"). (ECF No. 6.) The Court assumes these allegations to be true for purposes of this motion.

On March 23, 2015, Plaintiff visited the Keystone ski area, which is owned and operated by Defendant. (*Id.* ¶ 9.) Plaintiff participated in a ski lesson which was taught by Megan McKinney, an employee of Defendant. (*Id*. ¶ 6.) Ms. McKinney instructed Plaintiff on the procedures for getting on and off the chair lift. (*Id*. ¶ 7.) The chair lift was operated by an unknown chair lift operator who was also an employee of Defendant and whom the Court will refer to as John Doe. (*Id*. ¶ 26.) While unloading from the chair lift, Plaintiff's ski boot became wedged between the chair and the ground at the unloading area, causing injury to Plaintiff. (*Id*. ¶ 8.)

Plaintiff filed this lawsuit on June 30, 2015. (ECF No. 1.) Plaintiff then filed an Amended Complaint on July 27, 2015. (ECF No. 6.) Plaintiff asserted numerous claims arising out of events related to the chair lift incident. (*See id.*) Plaintiff asserts claims for (1) negligence, (2) negligence *per se*, (3) negligent supervision/training, (4) negligence (*respondeat superior*), (5) negligent hiring, and (6) premises liability pursuant to Colorado Revised Statutes § 13-21-115. (*See id.*)

## III.  ANALYSIS

Defendant, through its Motion, moves to dismiss all of Plaintiff's claims except for the premises liability claim.  (ECF No. 17.)  Defendant argues that Plaintiff's claim for negligence *per se* (Claim Two) should be dismissed for failure to state a claim.  (*Id*. at 4.)  Defendant further contends that Plaintiff's claims for negligence (Claim One) and negligence *per se* should be dismissed as they are preempted by the Premises Liability Act.  (*Id*. at 2.)  Lastly, Defendant argues that Plaintiff's claims for negligent supervision/training, negligence (*respondeat superior*), and negligent hiring should be dismissed as duplicative.  (*Id.* at 6.)  The Court will discuss these arguments in turn.

**A.    Negligence *Per Se***

Defendant argues that Plaintiff fails to state a claim for negligence *per se*.  (ECF No. 17 at 4.)  "In contrast to negligence, negligence *per se* occurs when a defendant violates a statute adopted for the public's safety and the violation proximately causes the plaintiff's injury."  *Scott v. Matlack, Inc.*, 39 P.3d 1160, 1166 (Colo. 2002).  Plaintiff must also show that the statute was intended to protect against the type of injury the plaintiff suffered and that the plaintiff is a member of the group of persons the statute was intended to protect.  *Id*.  If those requirements are met, "then the statute conclusively establishes the defendant's standard of care and violation of the statute is a breach of [defendant's] duty."  *Id*.

In its Motion, Defendant asserts that Plaintiff's Amended Complaint fails to identify any statutory standard of care that has been violated.  (ECF No. 17 at 4.)  Plaintiff identifies two statutes as the basis of her negligence *per se* claim: the Skier Safety Act and the Passenger Tramway Safety Act.  (ECF No. 6 ¶¶ 18–19.)

As to the Skier Safety Act, certain violations of that Act do constitute negligence *per se*. *See Stamp v. Vail Corp.*, 172 P.3d 437, 443 (Colo. 2007). Under the Skier Safety Act, "a violation by a ski area operator of any requirement of this article or any rule or regulation promulgated by the passenger tramway safety board pursuant to section 25-5-704(1)(a), C.R.S., shall, to the extent such violation causes injury to any person or damage to property, constitute negligence on the part of such operator." Colo. Rev. Stat. § 33-44-104(2). However, Plaintiff fails to identify any requirement of that article—the Skier Safety Act—which has been violated. Instead, Plaintiff alleges that Defendant violated § 25-5-706(3)(d)–(e) of the Passenger Tramway Safety Act.[1] Colo. Rev. Stat. § 25-5-706(3)(d)–(e). (*See also* ECF No. 6 ¶¶ 18, 20–21.) Section 25-5-706(3)(d)–(e) identifies certain situations in which the passenger tramway safety board may take disciplinary action. However, § 25-5-706(3)(d)–(e) is not a rule or regulation promulgated by the passenger tramway safety board and therefore Plaintiff does not properly state a claim for negligence *per se* under the Skier Safety Act.

In its response to the Motion, Plaintiff argues that the Passenger Tramway Safety Act provides a statutory standard of care independent of the Skier Safety Act. Specifically, Plaintiff stresses that § 25-5-706(3)(d)–(e) allows for disciplinary action to be taken if there is either "[w]illful or wanton misconduct in the operation or maintenance of a passenger tramway" or "[o]peration of a passenger tramway while a condition exists in the design, construction, operation, or maintenance of the passenger tramway which

---

[1] Plaintiff identifies this language as coming from § 25-5-706(2)(d)–(e). However, it is clear that Plaintiff is actually referring to § 25-5-706(3)(d)–(e), since the language Plaintiff quotes is from that subsection of the statute.

endangers the public health, safety, or welfare, which condition was known, or reasonably should have been known, by the area operator."

Nevertheless, this language does not provide a statutory standard of care which is adequate to support Plaintiff's claim for negligence *per se*. This Court has previously held that a claim for negligence *per se* requires a statute, "the violation of which can be clearly established." *Hendrickson v. Doyle*, ___ F. Supp. 3d ___, ___, 2015 WL 8533769, at *5 (D. Colo. Dec. 11, 2015). "In other words, the relevant statute needs to prescribe or proscribe some relatively discrete action." *Id*. The language of § 25-5-706(3)(d) proscribes willful or wanton misconduct and § 25-5-706(3)(e) proscribes something akin to negligent conduct. This is not statutory language prescribing or proscribing some discrete action (*e.g.*, all chairs must be two feet removed from the ground at the unloading area). Therefore, the Court finds that Plaintiff has failed to state a claim for negligence *per se*. The Court grants the Motion as to Claim Two and dismisses Claim Two without prejudice.

B.   **Premises Liability Act Preemption**

The Colorado Premises Liability Act contains the following provision:

> In any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of such property, or activities conducted or circumstances existing on such property, the landowner shall be liable only as provided in subsection (3) of this section.

Colo. Rev. Stat. § 13-21-115(2). Defendant does not dispute that it meets the statutory definition of a "landowner". (ECF No. 17 at n.1.) Based on its status as a landowner and the language of § 13-21-115(2), Defendant asserts that it can only be found liable, if

at all, under the Premises Liability Act. (*Id*. at 4.) Therefore, Defendant argues that Claims One and Two are preempted and must be dismissed. (*Id*. at 3–4.)

To support its argument, Defendant cites the Colorado Supreme Court in *Vigil v. Franklin*, 103 P.3d 322 (Colo. 2004). In that case, the court held that the language of § 13-21-115(2) was "specific in its terms and without ambiguity," and demonstrated that the General Assembly intended "to completely occupy the field and supercede existing law in the area" of premises liability. *Vigil*, 103 P.3d at 328. Furthermore, "[t]his language, coupled with the precisely drawn landowner duties in subsection (3), leaves no room for application of common law tort duties." *Id.* Ultimately, the Court held that the Premises Liability Act "abrogate[s] the common law with respect to landowner duties." *Id*. at 330.

This Court has interpreted the Colorado Supreme Court's opinion in *Vigil* and has held that "all common law claims involving landowner duties, including negligence . . . are abrogated by the Premises Liability Act which provides the exclusive remedy." *Raup v. Vail Summit Resorts, Inc.*, ___ F. Supp. 3d ___, ___, 2016 WL 374463, at *3 (D. Colo. Feb. 1, 2016); *see also Giebink v. Fischer*, 709 F. Supp. 1012, 1017 (D. Colo. 1989) (holding that when a common law negligence claim is founded on negligent maintenance of a ski area, such a claim is within the scope of the Premises Liability Act and must be dismissed).

Claim One is a common law negligence claim. (*See* ECF No. 6.) Plaintiff also alleges that her injury occurred while on the property of Defendant, the admitted landowner. (*Id*.) Therefore, the claim would be preempted by the Premises Liability Act if the alleged injury occurred "by reason of the condition of such property, or activities

conducted or circumstances existing on such property." Colo. Rev. Stat. § 13-21-115(2).

Plaintiff alleges in Claim One that her injury occurred due to Defendant's failure "to maintain a proper distance between the chair and the ground at the unloading point, and/or [failure] to property operate and/or maintain the chair lift." (ECF No. 6 ¶ 15.) The alleged failures to maintain the conditions of the property clearly fall under the Premises Liability Act. Furthermore, failing to properly operate the chair lift is an "activity conducted" on the property that also falls under the Premises Liability Act. *See* Colo. Rev. Stat. § 13-21-115(2); *see also Raup*, 2016 WL 374463, at *4 (holding that the affirmative actions of a chair lift operator, in directing passengers to exit the lift, qualified as activity conducted on the property for the purposes of the Premises Liability Act).

The Court thus has little difficulty in concluding that Plaintiff's common law negligence claim is preempted by the Premises Liability Act. Accordingly, the Court grants the Motion as to Claim One and dismisses Claim One with prejudice. Since the Court dismissed Plaintiff's claim for negligence *per se* in the previous section, the Court need not discuss, let alone decide, whether that claim should also be dismissed based on Defendant's preemption argument.[2]

## C.   Imputed Liability Claims

Defendant admits that both Megan McKinney and chair lift operator John Doe were employees of Defendant. (ECF No. 17 at 7.) Defendant further admits that both were acting within the scope of their employment at the time of Plaintiff's incident. (*Id*.)

---

[2] Defendant does not argue that Claims Three, Four, and Five are preempted by the Premises Liability Act. Therefore, the Court will also not address that issue.

As such, Defendant admits that it is liable under the theory of *respondeat superior* for whatever negligent acts or omissions of those two employees, if any, caused Plaintiff's injuries. (*See id.*)

Defendant argues that, because it is vicariously liable for the employees' negligent acts, claims based on other theories of imputed liability—Claims Three and Five—are duplicative and should be dismissed.[3] (*Id.* at 7–8.) Defendant cites two trial court decisions from Colorado state court in which those courts dismissed claims based on theories of imputed liability that they found to be duplicative. (*See id.*) However, Defendant provides no state appellate precedential support for its position. (*See id.*)

Moreover, Defendant fails to acknowledge that "[p]laintiffs may seek duplicative relief under federal and state statutes and common [law]." *Big Cats of Serenity Springs, Inc. v. Vilsack*, 84 F. Supp. 3d 1179, 1198 (D. Colo. 2015). The pursuit of alternative claims for similar relief is expressly permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). Plaintiff may not recover for the same injury under multiple theories of imputed liability, and at some point Plaintiff may have to choose between her theories. However, that is not a reason to dismiss any of Plaintiff's claims at this stage. Accordingly, the

---

[3] In the heading for its third argument in the Motion, Defendant asserts that Plaintiff's fourth claim for negligence (*respondeat superior*) should also be dismissed. (ECF No. 17 at 6, 8.) However, Defendant, in its discussion, does not argue that Claim Four should be dismissed. (*Id.* at 6–8.) Defendant's argument in that section is limited to arguing that Claims Three and Five should be dismissed because they are duplicative of Claim Four. (*See id.*)

Court denies Defendant's Motion as to Claims Three, Four, and Five.[4]

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Partial Motion to Dismiss Amended Complaint (ECF No. 17) is GRANTED IN PART and DENIED IN PART;

2. Defendant's Motion to Dismiss is GRANTED as to Claim One (Negligence) and Claim Two (Negligence *Per Se*) and DENIED as to all other claims;

3. Claim One of Plaintiff's Amended Complaint (ECF No. 6) is DISMISSED WITH PREJUDICE; and

4. Claim Two of Plaintiff's Amended Complaint (ECF No. 6) is DISMISSED WITHOUT PREJUDICE.

Dated this 11th day of March, 2016.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

[4] In its reply, Defendant argues that Plaintiff's claim for negligent hiring should also be dismissed on the grounds that Plaintiff failed to plead "what knowledge [Defendant] had or should have had at the time its employees were hired." (ECF No. 31 at 6.) This argument was not made in the Motion itself and therefore the Court need not and will not consider it.